UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| MAEGON CASSELL, <br><br>  Plaintiff, <br><br> v. <br><br> HUNTINGTON BANCSHARES INCORPORATED, LIZABETH ARDISANA, ALANNA COTTON, ANN B. CRANE, ROBERT S. CUBBIN, STEVEN G. ELLIOTT, GINA D. FRANCE, J. MICHAEL HOCHSCHWENDER, JOHN C. INGLIS, KATHERINE M.A. KLINE, RICHARD W. NEU, KENNETH J. PHELAN, DAVID L. PORTEOUS, STEPHEN D. STEINOUR, and TCF FINANCIAL CORPORATION, <br><br> Defendants. | Case No. _____ <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by her undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to herself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On December 13, 2020, Huntington Bancshares Incorporated's ("Huntington" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with TCF Financial Corporation ("TCF").

2. Pursuant to the terms of the Merger Agreement, among other things: (i) TCF will merge with and into Huntington, with Huntington surviving; (ii) TCF's wholly-owned banking subsidiary, TCF National Bank ("TCF Bank"), will merge with and into Huntington's wholly-

owned banking subsidiary, The Huntington National Bank ("Huntington Bank"), with Huntington Bank surviving; and (iii) each share of TCF common stock will be converted into the right to receive 3.0028 shares of Huntington common stock (the "Proposed Transaction").

3.     On January 28, 2021, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.     The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.     This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.     Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Huntington common stock.

9. Defendant Huntington is a Maryland corporation and maintains its principal executive offices at 41 South High Street, Columbus, Ohio 43287. Huntington's common stock is traded on the NASDAQ under the ticker symbol "HBAN."

10. Defendant Lizabeth Ardisana is a director of the Company.

11. Defendant Alanna Cotton is a director of the Company.

12. Defendant Ann B. Crane is a director of the Company.

13. Defendant Robert S. Cubbin is a director of the Company.

14. Defendant Steven G. Elliott is a director of the Company.

15. Defendant Gina D. France is a director of the Company.

16. Defendant J. Michael Hochschwender is a director of the Company.

17. Defendant John C. Inglis is a director of the Company.

18. Defendant Katherine M.A. Kline is a director of the Company.

19. Defendant Richard W. Neu is a director of the Company.

20. Defendant Kenneth J. Phelan is a director of the Company.

21. Defendant David Porteous is a director of the Company.

22. Defendant Steven D. Steinour is President, Chief Executive Officer, and Chairman of the Board of the Company.

23. The defendants identified in paragraphs 10 through 22 are collectively referred to herein as the "Individual Defendants."

24. Defendant TCF is a Michigan corporation and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

25. Huntington is a regional bank holding company with $120 billion of assets and a

network of 839 full-service branches, including eleven Private Client Group offices, and 1,330 ATMs across seven Midwestern states.

26. Founded in 1866, Huntington Bank and its affiliates provide consumer, small business, commercial, treasury management, wealth management, brokerage, trust, and insurance services.

27. On December 13, 2020, Huntington's Board caused the Company to enter into the Merger Agreement with TCF.

28. Pursuant to the terms of the Merger Agreement, among other things: (i) TCF will merge with and into Huntington, with Huntington surviving; (ii) TCF's wholly-owned banking subsidiary, TCF Bank, will merge with and into Huntington's wholly-owned banking subsidiary, Huntington Bank, with Huntington Bank surviving; and (iii) each share of TCF common stock will be converted into the right to receive 3.0028 shares of Huntington common stock.

29. According to the press release announcing the Proposed Transaction:

> Huntington Bancshares Incorporated ("Huntington") (Nasdaq: HBAN; www.huntington.com), the parent company of The Huntington National Bank, and TCF Financial Corporation ("TCF") (Nasdaq: TCF; www.tcfbank.com), the parent company of TCF National Bank, today announced the signing of a definitive agreement under which the companies will combine in an all-stock merger with a total market value of approximately $22 billion to create a top 10 U.S. regional bank with dual headquarters in Detroit, Michigan and Columbus, Ohio. . . .
>
> Under the terms of the agreement, which was unanimously approved by the boards of directors of both companies, TCF will merge into Huntington, and the combined holding company and bank will operate under the Huntington name and brand following the closing of the transaction. Upon closing, Stephen D. Steinour will remain the chairman, president, and CEO of the holding company and CEO and president of the bank. Gary Torgow will serve as chairman of the bank's board of directors. . . .
>
> At closing, five current TCF Directors will be added to the Board of Directors of the holding company. David L. Porteous will serve as Lead Director of the holding company's Board of Directors and the bank's Board of Directors.

Timing and Approvals

The merger is expected to close in the second quarter of 2021, subject to satisfaction of customary closing conditions, including receipt of customary regulatory approvals and approval by the shareholders of each company.

Advisors

Goldman Sachs & Co. LLC is serving as financial advisor to Huntington. Wachtell, Lipton, Rosen & Katz is serving as legal advisor to Huntington.

Keefe, Bruyette & Woods, *a Stifel Company*, is serving as financial advisor to TCF. Simpson Thacher & Bartlett LLP is serving as legal advisor to TCF.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

30. Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

31. As set forth below, the Registration Statement omits material information.

32. First, the Registration Statement omits material information regarding the Company's and TCF's financial projections.

33. The Registration Statement fails to disclose projected cash flows for the Company and TCF.

34. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

35. Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, Goldman Sachs & Co. LLC ("GS").

36. With respect to GS's Illustrative Present Value of Future Stock Price Analysis for TCF on a Stand-Alone Basis, the Registration Statement fails to disclose: (i) GS's basis for

applying illustrative one-year forward price to EPS multiples of 11.0x to 13.0x; and (ii) the individual inputs and assumptions underlying the discount rate of 11.0%.

37. With respect to GS's Regression Analysis for TCF on a Stand-Alone Basis, the Registration Statement fails to disclose the 2022E ROATCEs used in the analysis.

38. With respect to GS's Premia Paid Analysis, the Registration Statement fails to disclose: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

39. With respect to GS's Illustrative Discounted Dividend Analysis for TCF, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 10.0% to 12.0%; (ii) the implied distributions to/infusions from TCF's shareholders used in the analysis; (iii) the terminal values for TCF; (iv) GS's basis for applying illustrative one-year forward Price/EPS multiples ranging from 11.0x to 13.0x; and (v) the total number of fully diluted shares of TCF common stock outstanding.

40. With respect to GS's Illustrative Present Value of Future Stock Price Analysis for Huntington on a Stand-Alone Basis, the Registration Statement fails to disclose: (i) GS's basis for applying illustrative one-year forward price to EPS multiples of 11.0x to 13.0x; and (ii) the individual inputs and assumptions underlying the discount rate of 9.0%.

41. With respect to GS's Regression Analysis for Huntington on a Stand-Alone Basis, the Registration Statement fails to disclose the 2022E ROATCEs used in the analysis.

42. With respect to GS's Illustrative Discounted Dividend Analysis for Huntington on a Stand-Alone Basis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 8.0% to 10.0%; (ii) the implied distributions to Huntington shareholders on a stand-alone basis used in the analysis; (iii) the terminal values for Huntington; (iv) GS's basis for applying illustrative one-year forward

Price/EPS multiples ranging from 11.0x to 13.0x; and (v) the total number of fully diluted shares of Huntington common stock outstanding.

43. With respect to GS's Illustrative Present Value of Future Stock Price Analysis for Huntington on a Pro Forma Basis, the Registration Statement fails to disclose: (i) GS's basis for applying illustrative one-year forward price to EPS multiples of 11.0x to 13.0x; and (ii) the individual inputs and assumptions underlying the discount rate of 9.5%.

44. With respect to GS's Regression Analysis for Huntington on a Pro Forma Basis, the Registration Statement fails to disclose the 2022E ROATCEs used in the analysis.

45. With respect to GS's Illustrative Discounted Dividend Analysis for Huntington on a Pro Forma Basis, the Registration Statement fails to disclose: (i) the individual inputs and assumptions underlying the discount rates ranging from 8.5% to 10.5%; (ii) the implied distributions to Huntington shareholders on a pro forma basis used in the analysis; (iii) the terminal values for Huntington; (iv) GS's basis for applying illustrative one-year forward Price/EPS multiples ranging from 11.0x to 13.0x; and (v) the total number of fully diluted shares of Huntington common stock outstanding.

46. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

47. The omission of the above-referenced material information renders the Registration Statement false and misleading.

48. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Huntington

49. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50. The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Huntington is liable as the issuer of these statements.

51. The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

52. The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

53. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

54. The Registration Statement is an essential link in causing plaintiff to approve the Proposed Transaction.

55. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

56. Because of the false and misleading statements in the Registration Statement, plaintiff is threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and TCF

57. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

58. The Individual Defendants and TCF acted as controlling persons of Huntington within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of Huntington and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

59. Each of the Individual Defendants and TCF was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

60. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Registration Statement.

61. TCF also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

62. By virtue of the foregoing, the Individual Defendants and TCF violated Section 20(a) of the 1934 Act.

63. As set forth above, the Individual Defendants and TCF had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: February 6, 2021                        **RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: gms@rl-legal.com

*Attorneys for Plaintiff*